IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-02003-RPM

JOSEPH I. MOSSBERGER,

                Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

_____

ORDER AFFIRMING DECISION
_____

This is a review under 42 U.S.C. § 405(g) of the denial of an application for Supplemental Security Income (SSI) benefits under the Social Security Act filed by Joseph I. Mossberger. The decision under review is that of an Administrative Law Judge (ALJ) dated June 9, 2006, after a hearing held on May 15, 2006, at which the claimant appeared with his attorney. The denial was appealed to the Appeals Council with the submission of additional medical records from the People's Clinic in Boulder, Colorado, including treatment notes of Dr. Michelle Drury, M.D., the treating physician, who submitted a Med-9 form, dated March 6, 2006, opining that Mr. Mossberger will likely never be able to resume gainful employment because of (1) severe scoliosis–chronic back pain, (2) right knee osteoarthritis/possible menial meniscus tear and (3) supraventicular tachycardia. (R. 1197-1198). The Appeals Council rejected the appeal without comment on the additional medical records.

The plaintiff asserts error by the Appeals Council in failing to remand the matter to the ALJ for consideration of the additional records and re-evaluating his rejection of Dr. Drury's opinion.

The second major claim made by the plaintiff is the failure of the ALJ to include references to Mr. Mossberger's pain in structuring hypothetical questions to the vocational expert, who testified at the hearing that, given the exertional limitations identified by the ALJ, the claimant had the residual functional capacity to perform the requirements of such occupations as assembler of small parts, cleaner, housekeeping and final assembler.  Because the dispositive determination in this case that the claimant's alcoholism is a contributing factor material to the determination that he is disabled, which precludes entitlement to benefits under 42 U.S.C. § 1382(c)(a)(3)(J), is supported by substantial evidence in the administrative record, the denial decision is affirmed.

The full administrative record submitted in this case contains 1,419 pages and includes prior applications and earlier disability determinations, including a disability determination based on alcoholism as a contributing factor which under the law then in effect required him to obtain treatment or risk losing his benefits. He did not comply with that requirement and benefits were terminated on January 1, 1997.  A second application resulted in the conclusion of an ALJ on June 21, 2000, that alcohol dependency was a contributing factor material to a finding of disability and therefore he was not eligible under the change in the statute.  (R. 77-90).  There is some similarity between that decision and the decision now under review.  Another application resulted in the same basis for denial by another ALJ

on January 24, 1003.  (R. 59-68).

In the written decision now under review, (R. 25-39), the ALJ made his own analysis of the medical records, to a claimed onset date in the claim filed on June 17, 2004, and did not rely on the prior findings by the other ALJs.

The medical record is extensive.  Mr. Mossberger has been a heavy drinker since he was 14 years old.  He has had no substantial gainful employment for many years and apparently once worked cutting wood for day wages.  He has had extensive treatment in emergency rooms at hospitals in Wheat Ridge, Boulder, Denver and Thornton and has also been given care at the People's Clinic in Boulder.  Dr. Drury has seen him there on a number of occasions.

The ALJ gave her opinions minimal weight in part because he believed that she had not examined Mr. Mossberger before completing the form, and may have based her opinion on subjective complaints.  The ALJ noted that the last medical record he had from the People's Clinic was dated September, 2004.  The additional medical records submitted to the Appeals Council undermines that reason for rejection of the disability opinion of this treating physician because the handwritten treatment notes, bearing the doctor's initials, show numerous references to treatment for back pain and knee pain and include a clinical note, dated June 5, 2006, referring to Mr. Mossberger's heart condition, depression and scoliosis.  (R. 1311).

As previously noted, the plaintiff now contends that the Appeals Council erred in not requiring the ALJ to review those additional treatment notes and reconsider his evaluation of Dr. Drury's opinion.  That contention is rejected

because there is nothing in those additional medical records that contradicts the ultimate disqualifying conclusion in this case as to the role of alcoholism in Mr. Mossberger's condition. The extensive records supplied show consistent intoxication levels at most of this man's presentations to the hospital emergency rooms and there is abundant evidence that he had rejected treatment suggestions and apparently preferred the use of alcohol to the prescribed medications for treatment of his heart condition and for the relief of pain from his back and knee.

While the ALJ did not include the subjective complaints of pain in the plaintiff's testimony and the effects of pain on his daily activities in constructing the hypothetical questions to the vocational expert, there is no error in that because the finding that alcoholism was a contributing factor to the conditions giving rise to pain is well supported by the evidence.

Having concluded that the ALJ"s decision is supported by substantial evidence and that there is no legal error warranting reversal, it is

ORDERED that the decision is affirmed.

Dated: February 27th, 2009

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge